**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 JAN -3 P 2: 33
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| RAINER RICHARD KUNERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-096 |
| ) | |
| MICHAEL V. PUGH, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner was sentenced to 63 months' imprisonment on July 7, 2005. The Bureau of Immigration and Customs Enforcement ("ICE") has issued a detainer on Petitioner, which, according to Petitioner, will culminate in deportation proceedings at the conclusion of his prison sentence. After his sentencing hearing, the Bureau of Prisons ("BOP") assigned

petitioner to MCF.[1] Petitioner asserts in his § 2241 petition that because of his alienage and the ICE detainer, he is not eligible to serve his sentence in a minimum security prison, nor is he eligible for halfway house detention at the end of his sentence or for drug treatment programs. He argues that his sentence should be reduced because he has been deprived of the opportunity to serve the last ten percent of his sentence in a halfway house.

## II. DISCUSSION

Petitioner's § 2241 petition does not challenge the fact or duration of his confinement. Instead, notwithstanding his plea for a sentence reduction, Petitioner challenges his ineligibility to serve his sentence at a minimum security institution, as well as his ineligibility for halfway house confinement and participation in drug treatment programs, which relate to the conditions and circumstances of his confinement at MCF. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.), revised by, 596 F.2d 658 (5th Cir. 1979).[2] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

---

[1] MCF is a private correctional facility operated by the Corrections Corporation of America under contract with the BOP.

[2] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition.[3] Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

Further, Petitioner's claims also appear to lack merit on their face. A prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Courts have also held that a prisoner has no constitutional liberty interest in early release available pursuant to a specific BOP Program Statement, Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (*per curiam*); no constitutionally protected interest in rehabilitative programs, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); and no "equal protection" interest in eligibility for assignment to halfway houses, McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999). Furthermore, although a defendant's alienage might form the basis for a downward departure in an extraordinary case, neither an alien's ineligibility for prison programs nor his deportability are in themselves sufficient grounds for downward departure. E.g., United States v. Macedo, 406 F.3d 778, 794-95 (7th Cir.

---

[3] The Court notes that Petitioner alleges that he has exhausted his administrative remedies. Even if Petitioner exhausted his administrative remedies before filing under Bivens, he still might not be entitled to relief in federal court. See Holly v. Scott, 434 F.3d 287, 289 (4th Cir.) (quoting Bivens, 403 U.S. at 389), *cert. denied*, 126 S. Ct. 2333 (U.S. May 30, 2006) (holding that prisoner in private federal facility not entitled to Bivens relief when adequate state remedies available).

2005); United States v. Maung, 320 F.3d 1305, 1308 (11th Cir. 2003). However, because Petitioner's claims are not cognizable in a § 2241 petition, the Court need not reach a definitive conclusion on the merits of the issues raised by Petitioner.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 3rd day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE